**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BOBBY BLEDSOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 03-CV-0748-CVE-PJC |
| ) | |
| RON WARD; RANDALL WORKMAN, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is Respondents' motion to dismiss petition for writ of habeas corpus as being untimely filed (Dkt. # 23) filed in this 28 U.S.C. § 2241 habeas corpus action on September 7, 2005. Petitioner, a state inmate appearing *pro se*, has filed a response (Dkt. # 25) to the motion to dismiss. For the reasons discussed below, the Court finds that Respondents' motion to dismiss should be granted and the petition dismissed with prejudice as time barred.

### *BACKGROUND*

Petitioner is presently incarcerated, serving a forty-five (45) year term of imprisonment pursuant to sentence entered in Canadian County District Court, Case No. CF-97-736. He initiated the instant action by filing a 42 U.S.C. § 1983 civil rights complaint on November 3, 2003 (Dkt. # 1). The Court previously determined, see Dkt. # 4, that because Petitioner's only viable claim for relief sounds in habeas corpus, this matter would be adjudicated as a 28 U.S.C. § 2241 petition for writ of habeas corpus rather than a civil rights complaint. See Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000). Petitioner filed his amended § 2241 petition on January 29, 2004 (Dkt. # 9). On August 18, 2005, the Court denied Respondents' motion to dismiss for failure to exhaust available state remedies and directed Respondents to respond or otherwise plead to the allegations in the amended petition. See Dkt. # 22. In response

to the Court's Order, Respondents filed the instant motion to dismiss petition as time barred.

The record reflects that on April 14, 2001, Petitioner was placed in restrictive housing pending investigation of a battery misconduct. See Dkt. # 24, Ex. 2. At the time of the misconduct charge, Petitioner had been at Classification Level 4, earning an additional 44 sentence credits per month. See id., Ex. 1. On April 23, 2001, Petitioner was found guilty of the misconduct. See Dkt. # 9. Petitioner pursued an administrative appeal, and July 6, 2001, the matter was remanded for rehearing by the Director Designee. See id. On August 19, 2001, upon rehearing, Petitioner was found not guilty and the misconduct charge was dismissed. See Dkt. ## 9; 24, Ex. 3. According to Petitioner's Consolidated Record Card, he was placed at Classification Level 2 on August 19, 2001. See Dkt. # 24, Ex. 1. Petitioner did not regain Level 4 status until August 1, 2002. See id. On December 6, 2002, Petitioner filed a petition for writ of mandamus in Oklahoma County District Court, Case No. CJ-2002-10172. See Dkt. # 9; www.oscn.net. By Order filed March 31, 2003, mandamus relief was denied. Id.

In his amended petition, Petitioner requests "restoration of earned credits [] from a conviction of expunged misconduct." See Dkt. # 9. In effect, Petitioner wants to be credited with sentence credits he lost the opportunity to earn as a result of his placement at lower classification levels following the misconduct charge. Petitioner also seeks expungement of the misconduct from his record because the misconduct finding was reversed upon re-hearing. Id. In the motion to dismiss and supporting brief (Dkt. ## 23, 24), Respondents request that this matter be dismissed because Petitioner failed to commence this action within the one-year limitations period applicable to habeas corpus actions. See 28 U.S.C. § 2244(d).

***ANALYSIS***

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Tenth Circuit Court of Appeals has found that the one-year limitations period provided by § 2244(d)(1) and the tolling provisions of § 2244(d)(2) apply to claims asserted by a state prisoner in a § 2241 petition. Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003).

Petitioner's claims in this case accrued when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). In response to the petition, Respondent asserts that Petitioner's claims accrued at the latest on August 19, 2001, when Petitioner was found not guilty of the misconduct upon rehearing. See Dkt. # 24, Exs. 1 and 3. The Court agrees with Respondent. On August 19, 2001, despite the finding of not guilty upon rehearing, Petitioner was not returned immediately to Level 4, but was placed at Level 2. Therefore, the factual predicate of the claims presented in this matter could have been discovered on that date. Pursuant to § 2244(d)(1)(D), Petitioner's one year limitations period began to run on

August 19, 2001, and Petitioner had until August 19, 2002, to file a timely federal petition for writ of habeas corpus challenging the DOC's administration of his sentence. Absent a basis for statutory or equitable tolling of the limitations period, this action, filed November 3, 2003, more than a year beyond the deadline, is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2), Petitioner did not file his collateral challenge to the administration of his sentence in state district court until December 6, 2002, or almost four (4) months after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the mandamus proceeding filed by Petitioner did not toll the limitations period in this case. In addition, nothing in the record before the Court indicates that Petitioner is entitled to equitable tolling of the limitations period.[1] Therefore, the Court declines to excuse Petitioner's untimely filing and concludes Respondent's motion to dismiss should be granted. This action shall be dismissed with prejudice as barred by the statute of limitations.

## *CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year

---

[1] In response to the motion to dismiss as untimely, Petitioner attaches a copy of the Court's Order filed August 18, 2005 (Dkt. # 22), and states that the Court has already determined that this action is timely. See Dkt. # 25. However, on August 18, 2005, the Court denied Respondents' motion to dismiss for failure to exhaust state remedies, and found that this matter is not precluded by the exhaustion requirement. Contrary to Petitioner's statement, the Court has not previously ruled on the statute of limitations issue.

limitations period, Respondent's motion to dismiss for failure to file within the limitations period should be granted. The petition for writ of habeas corpus should be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 23) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 9) is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this matter.

**IT IS SO ORDERED** this 18th day of July, 2006.

*[Signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT